**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5143**

———————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

TRACEY DOUGLAS,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Cameron McGowan Currie, District Judge. (0:11-cr-00520-CMC-2)

———————————

Submitted: May 21, 2012           Decided: June 5, 2012

———————————

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant. Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Tracey Douglas pled guilty to conspiracy to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Douglas was sentenced to 240 months in prison. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 368 U.S. 738 (1967), claiming that defense counsel was ineffective. Douglas has filed a pro se supplemental brief raising additional issues. We affirm.

I

Douglas contends that counsel was ineffective because he allegedly did not advise Douglas that, in accordance with the plea agreement, the United States would not move for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2011). Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir 2008). Rather, to allow for adequate development of the record, a defendant ordinarily should bring his ineffective assistance claim in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. United States v. Baptiste, 596 F.3d 214,

2

216 n.1 (4th Cir. 2010). After reviewing the record, especially the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that ineffective assistance does not conclusively appear on the record. We therefore decline to address the merits of the claim.

II

In his pro se brief, Douglas argues that his guilty plea was unknowing because the district court did not comply with the requirements of Rule 11. More specifically, Douglas maintains that the district court did not adequately ascertain that he understood the constitutional rights he was waiving by pleading guilty.

Because Douglas did not move in the district court to withdraw his guilty plea, our review is for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). We discern no such error in this case. Having considered the transcript of the Rule 11 hearing, we conclude that the court ascertained that Douglas understood the various trial rights that he waived by pleading guilty. Additionally, although the court did not mention its obligation to consider the factors under 18 U.S.C. § 3553(a) (2006) when imposing sentence, see Fed. R. Crim. P. 11(b)(1)(M), the court otherwise fully complied with the Rule. The omission did not affect Douglas' substantial

3

rights, particularly in light of his receiving the statutory minimum sentence of 240 months. <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2006).

III

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Douglas's conviction and sentence. This court requires that counsel inform Douglas, in writing, of his right to petition the Supreme Court of the United States for further review. If Douglas requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Douglas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>